USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/11/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DALE BERNARD,                  :

              Petitioner,             :

              -v.-                      :

WENDY ROAL, Warden, Federal Prison Camp  :
Duluth et al.,
                                                    :
              Respondents.          
------------------------------------------------------------------X

09 Civ. 3740 (GWG)

MEMORANDUM ORDER

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Petitioner's Claims

Dale Bernard, an inmate in federal custody, has filed a document labeled "Complaint" that challenges certain actions of the Bureau of Prisons ("BOP").[1] See Complaint, filed Apr. 13 2009 (Docket # 2) ("Complaint"). We have previously directed that this document is to be considered as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and as a complaint seeking review of agency action pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 et seq. See, Order, dated May 1, 2009 (Docket # 6).

In his first claim for relief, Bernard complains of the BOP's failure to timely afford him an eligibility interview for its Residential Drug Abuse Program ("RDAP") and for failing to timely enroll him in that program. See Complaint ¶¶ 23-26. In the second claim for relief, he challenges the alleged policy of the "Northeast Regional Director" to not permit inmates the opportunity to reside in community corrections facilities – a placement that apparently occurs after completion of an RDAP program – for more than six months. Complaint ¶¶ 27-31.

---

[1] On August 10, 2009, the parties consented to this matter being decided by a United State Magistrate Judge. See Consent to Proceed Before United States Magistrate Judge, filed Aug. 10, 2009 (Docket # 20).

Bernard notes, see id. ¶¶ 12, 28, that the governing statute specifically permits community corrections placements for up to 12 months, see 18 U.S.C. § 3624(c)(1). In his third cause of action, Bernard complains about the process for scheduling eligibility interviews for the RDAP at the federal correctional facility at Otisville, New York. See Complaint ¶¶ 32-34.

Since the complaint was filed, Bernard was (1) give an eligibility interview for the RDAP program and (2) transferred to the federal correctional facility in Duluth, Minnesota.[2] See Declaration of Adam Johnson, filed Jan. 4, 2010 (Docket # 27) ("2d Johnson Decl.") ¶ 4; Declaration of Patricia Griffin (annexed as Ex. B to Declaration of Alicia Simmons, filed July 16, 2009 (Docket # 16) ("Simmons Decl.")) ¶ 3; Program Review Report (July 31, 2009) (annexed as Ex. 1 to Respondent-Plaintiff's Response and Memorandum of Law in Opposition to the Government's Motion to Dismiss the Complaint, filed Sept. 9, 2009 (Docket # 22) ("Pet. Response")). Bernard is apparently on a waiting list for the RDAP program at Duluth. See 2d Johnson Decl. ¶ 6.

In light of these developments, Bernard's third claim for relief is moot inasmuch as he is no longer at Otisville. His second claim for relief as written appears to be moot since the Minnesota facility is presumably not under the authority of the "Northeast Regional Director."[3]

---

[2] Both the Government and Bernard agree that this Court has jurisdiction despite the transfer because the transfer occurred after Bernard filed his complaint in the Southern District of New York. See Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); Tribble v. Killian, 632 F. Supp. 2d 358, 361 n.4 (S.D.N.Y. 2009) (collecting cases).

[3] The complaint makes clear that the policies of the "Northeast Regional Director" are at issue by the fact that plaintiff contrasts the actions of the "Northeast Regional Director" with those of "other regions," including the "Southeast Region," where inmates have been placed in community correction facilities "for periods in excess of 6 months." Complaint ¶ 29.

See Complaint ¶¶ 27-31. Also moot is the portion in his first claim for relief demanding the scheduling of a RDAP eligibility interview. See id. ¶¶ 23-26.

At least one of the claims in the complaint, however, does not appear to be moot: specifically, Bernard's claim relating to enrollment in the RDAP. See id. ¶¶ 23-26. While the precise nature of this claim is not clear from the complaint, the Court construes Bernard's later filings as challenging the BOP's alleged policy of not timely considering inmates for RDAP placement. Bernard's claim is essentially as follows: (1) an inmate must complete the RDAP prior to being placed in a Residential Re-Entry Center ("RRC"), which is a form of community corrections placement; (2) the RDAP program by itself lasts nine months; (3) Congress has mandated that an inmate may spend up to 12 months in RRC; and (4) inmates are eligible for up to a 12-month reduction in their overall sentence upon completion of the RRC. See Pet. Response at 1. Accordingly, Bernard argues, an inmate would have to be considered for placement in the RDAP 33 months prior to his sentence completion date for there to be any hope for the full range of placements and the sentence reduction contemplated by Congress. See id. Because Bernard's projected release date is August 10, 2012, the 33-month date passed in November 2009 without Bernard having been considered for placement in the RRC. See id. at 3; Declaration of Adam M. Johnson, filed July 16, 2009 (Docket # 17) ("1st Johnson Decl.") ¶ 3. Bernard asserts that the BOP "leaves no opportunity for <u>consideration</u> for the full amount of the incentives that the BOP, itself, has determined the plaintiff is eligible for." Pet. Response at 1 (emphasis in original).

Separately, Bernard notes, see id. at 2, that, under BOP policy, consideration for RRC placement does not take place until between 17-19 months prior to the inmate's projected release date. See 1st Johnson Decl. ¶ 21. Bernard alleges that this too violates the governing statutes

3

because the BOP allows only 19 months at most for both the RRC placement and a sentence reduction – instead of the 24 months contemplated by statute. See Pet. Response at 2. Finally, Bernard's later papers challenge a BOP policy that permits placement in an RRC for periods of more than 6 months only in "unusual and extraordinary circumstances." Id.[4]

Discussion

The Government's response to the complaint does not address any of plaintiff's statutory claims. Its first point addresses the question of whether Bernard has a due process right to placement in an RDAP or in an RRC. See Respondent-Defendants' Memorandum of Law in Opposition to Petition for Writ of Habeas Corpus and in Support of Motion to Dismiss Complaint, filed July 16, 2009 (Docket # 14) ("Gov't Mem."), at 4-8. The Court concurs that there is no such right given that the statutes at issue, 18 U.S.C. §§ 3624(c)(1), 3621(e)(1), grant discretion to the BOP to decide placement and inmate release. See, e.g., Blouin ex rel. Estate of Pouliot v. Spitzer, 356 F.3d 348, 362-63 (2d Cir. 2004) (regulation must confer mandatory benefits for courts to recognize the existence of a liberty interest for the purposes of due process); Venegas v. Henman, 126 F.3d 760, 765 (5th Cir. 1997) (loss of opportunity to be considered for discretionary early release is not a deprivation of constitutionally protected liberty interest), cert. denied, 523 U.S. 1108 (1998); Gambino v. Gerlinski, 96 F. Supp. 2d 456, 459-60 (M.D. Pa 2000) ("§ 3624(c) does not create a liberty interest because it 'refers to no [mandatory] proceedings.'" (quoting Badea v. Cox, 931 F.2d 573, 576 (9th Cir. 1991)) (brackets in original)).

The Government also argues that Bernard lacks standing to challenge a RRC placement decision. See Gov't Mem. at 8. But Bernard easily meets the standing requirement inasmuch as

---

[4] We cite to Bernard's later filings on this point because the complaint suggested that the policy was being incorrectly implemented only in the Northeast. Given Bernard's pro se status, however, we construe his papers as raising the claim that he is subject to this policy now.

4

he has (1) "present[ed] an injury that is concrete" – specifically, his failure to be timely considered for placement in the RRC and RDAP programs and the effect that the BOP's policies have on his placement; (2) the injury Bernard alleges is "particularized" inasmuch as it consists of his failure to be placed in BOP programs or to have a chance at the early release date contemplated by statute; (3) his injury is "actual" in that it is in fact occurring; and (4) his injury is "fairly traceable" to the BOP's policies and alleged failure to timely consider him for the programs. Horne v. Flores, 129 S. Ct. 2579, 2592 (2009); see also Pet. Response at 2-3. Bernard's claim is likewise "ripe" in that the deadline for RDAP placement passed in November 2009. See generally N.Y. Civil Liberties Union v. Grandeau, 528 F.3d 122, 130 (2d Cir. 2008).

Finally, the Government argues that the determination of Bernard's placement in the RDAP is exempt from review under the "Administrative Procedures [sic] Act." Gov't Mem. at 9 (citing 18 U.S.C. § 3625). Without reaching this question – a matter that may not be as simple as the Government suggests with respect to a challenge to BOP policy, see, e.g., Jasperson v. Fed. Bureau of Prisons, 460 F. Supp. 2d 76, 84 (D.D.C 2006) – the Court notes that the Government's brief ignores the question of whether any of Bernard's claims reflect that the terms of his confinement violate federal law. The habeas corpus statute allows for issuance of the writ for any prisoner who is in custody in violation of the "laws" of the United States. See 28 U.S.C. § 2241(c)(3). Second Circuit case law would seem to make clear that challenges of the kind Bernard brings here may be considered under the habeas corpus statute. See, e.g., Levine v. Apker, 455 F.3d 71, 77-79 (2d Cir. 2006).

In sum, the Court is left without any briefing by the Government on the question of whether any of the following matters violate any federal statutory or other law: (1) the BOP policy to consider inmates (including Bernard) for RRC placement no longer than 19 months

prior to the inmate's projected release date; (2) the BOP's failure to consider inmates (including Bernard) for placement in the RDAP program 33 months before his projected release date; and (3) the alleged BOP policy requiring "extraordinary" circumstances for placements in an RRC beyond six months.[5]

Nonetheless, in light of the fact that Bernard's claims have been partially mooted and partially changed since the filing of the complaint, the Court will not grant the writ but will instead deny the motion to dismiss without prejudice to the filing of a memorandum of law and any other supporting papers that addresses in full the merits of Bernard's claims. The Court suggests that, in addition to briefing the question of whether Bernard's confinement violates federal law for purposes of section 2241, the Government should also (1) brief more fully the applicability of 18 U.S.C. § 3625 to Bernard's claims and (2) brief in the alternative the question of the application of the Administrative Procedure Act in that event that the court concludes that 18 U.S.C. § 3625 does not exempt one or more of Bernard's claims from review. The Government may file its submission on or before February 11, 2010. Bernard may respond within 30 days thereafter.

Conclusion

The Government's motion to dismiss (Docket # 13) is denied without prejudice.

---

[5] To the extent Bernard believes that he raises claims different from these, he may so inform the Court by letter (with a copy sent to the Government) on or before January 20, 2010. He may also attach to his letter a proposed amended complaint (or amended petition) if he wishes to file one.

SO ORDERED.

Dated: January 11, 2010
      New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies mailed to:

Dale Bernard
(# 25242-038)
Federal Prison Camp-Duluth
P.O. Box 1000
Duluth, MN, 55814

Richard Bernard
49 Dufton Road
Andover, Massachusetts 01810

Alicia M. Simmons
Assistant United States Attorney
86 Chambers Street
New York, NY 10007